UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIZABETH H. COURSEN,

    Plaintiff,

v.                                          CASE NO:  8:12-cv-690-T-26EAJ

JP MORGAN CHASE & CO.,
JPMORGAN CHASE BANK, N.A.,
WASHINGTON MUTUAL BANK,
and FEDERAL NATIONAL MORTGAGE
CORPORATION,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** comes before the Court on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint and Plaintiff's Response in Opposition.[1]  After careful consideration of the parties' submissions, together with the well-pleaded allegations of Plaintiff's First Amended Complaint, the Court concludes the motion is due to be denied.

Defendants, JP Morgan Chase & Co., a foreign corporation, JPMorgan Chase Bank, N.A., individually and as successor to (collectively "Chase"), Washington Mutual Bank, a dissolved federal bank ("WaMu"), and Federal National Mortgage Corporation, a

---

[1] See dockets 3 and 11.

federally-chartered corporation ("FNMA"), (collectively, the "Defendants"), pursuant to Rule 12(b)(6), Federal Rule of Civil Procedure, move to dismiss Plaintiff's First Amended Complaint.  Defendants seek dismissal on grounds that (1) Plaintiff waived her claims by failing to assert them in a 2006 mortgage foreclosure case; (2) Plaintiff fails to state any causes of action in the various counts of the First Amended Complaint inasmuch as she fails to differentiate among Defendants in her allegations; (3) Count I fails to state a cause of action because the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), section 501.201, *et seq.*, Florida Statutes, does not apply to Defendants; (4) Count II fails to state a cause of action because Defendants are not debt collectors as defined by the Fair Debt Collection Practices Act ("FDCPA") and initiating a mortgage foreclosure action does not constitute a debt collection; (5) Plaintiff fails to state a claim under the Florida Consumer Collection Practices Act ("FCCPA"), section 559.72, Florida Statutes, in Count II; (6) Plaintiff fails to state a cause of action for civil conspiracy in Count III; (7) Plaintiff failed to state a cause of action for abuse of legal process in Count IV; and (8) Count V, alleging violations of the RICO statute,18 U.S.C. § 1962, fails to state a cause of action.

**Background Facts**

On or about September 27, 2001, Plaintiff, Elizabeth H. Coursen ("Plaintiff"), executed and delivered a promissory note (the "Note") and a mortgage (the "Mortgage") to North American Mortgage Company.  WaMu became the holder of the Note and

Mortgage as successor to North American Mortgage Company and assigned the Mortgage to FNMA in 2003.  FNMA filed a complaint seeking foreclosure of the Mortgage against Plaintiff on April 23, 2003, in the case of <u>Federal National Mortgage Association v. Elizabeth H. Coursen</u>, *et. al.*, Case No.: 2003-CA-005846 NC ("2003 Foreclosure Case"), which was eventually dismissed.  On or about October 31, 2006, FNMA assigned the Mortgage back to WaMu as attorney-in-fact for FNMA.  Plaintiff defaulted on her loan payments in 2006, and as a result, WaMu filed a foreclosure action against Plaintiff on or about September 13, 2006, in the case of <u>Washington Mutual Bank v. Elizabeth H. Coursen, et. al.</u>, Case No.: 2006-CA-008521 NC ("2006 Foreclosure Case").

 WaMu received a final judgment of foreclosure in the 2006 Foreclosure Case on or about November 27, 2006 (the "Final Judgment").  In the 2006 Foreclosure Case, WaMu filed the original Note, which reflected a blank endorsement.  In 2008, Chase acquired WaMu and subsequently became holder of the Note and Mortgage.  Following several failed attempts to settle the 2006 Foreclosure Case through loss mitigation efforts, and following several pleadings filed by Plaintiff in an attempt to remain in the property without making mortgage payments, the foreclosure sale was eventually rescheduled for November 14, 2011.

 Plaintiff filed a Motion to Vacate Judgment on or about September 27, 2011.  The state court denied the motion on October 24, 2011, for lack of jurisdiction.  Plaintiff subsequently filed a Motion for Rehearing on or about November 3, 2011, which was

denied. At the foreclosure sale on November 14, 2011, the subject property was sold to Chase. Plaintiff subsequently filed her Objection to Sale, not raising any irregularity in the sale or inadequacy of the sale price. In response, Chase filed a Motion to Strike the Objection to Sale, which was granted on March 6, 2012.

Plaintiff filed a Complaint against Chase in state circuit court on or about August 18, 2010, based upon allegations that Defendants lacked standing and committed fraud in pursuit of the foreclosure on the same allegations. The Complaint was dismissed on August 18, 2011. Plaintiff filed her First Amended Complaint on or about March 6, 2012, in which she seeks relief against Defendants through five counts for violations of FDUTPA (Count I); violations of the FDCPA and the FCCPA (Count II); for civil conspiracy (Count III); for abuse of legal process (Count IV); for damages and declaratory relief under 18 U.S.C. § 1961, 18 U.S.C. § 1962(b), and 18 U.S.C. §§ 1964 (Count V).[2] Defendants removed the case to this Court on March 30, 2012.[3]

## Standard for Dismissal

In determining whether to grant a Rule 12(b)(6) motion, the Court shall not dismiss a complaint if it includes "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (dismissing complaint because plaintiffs had not "nudged their

---

[2] See docket 2.

[3] See docket 1.

claims across the line from conceivable to plausible"). The Court "must view the complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." American United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, (citations omitted), a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65. To survive a motion to dismiss under Twombly, a complaint's factual allegations, if assumed to be true, "must be enough to raise the right to relief above the speculative level." Id.

## Discussion

With respect to the asserted waiver of Plaintiff's claims for her failure to assert them in the 2006 foreclosure case, the Court is not convinced, at this stage of the proceedings, that Plaintiff waived her claims because the complaint includes allegations based on conduct that occurred after her alleged breach of the mortgage loan agreement. She asserts that the facts supporting her claims were not brought to light until revelations of fraud in the mortgage industry began to unfold in the fall of 2010. Additionally, the Court cannot base a dismissal on matters outside the four corners of the complaint. See Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). While JPMC claims it is not liable for any conduct of WaMu that occurred prior to September 25, 2008, the date

on which the Purchase and Assumption Agreement ("PAA") was executed between JPMC and WaMu, the PAA has not even been filed with the Court. Furthermore, Plaintiff asserts that her claims against Defendant JPMC are predicated on its alleged servicing of the loan, conduct that occurred after September 25, 2008.

Defendants claim exemption from FDUTPA as banking corporations regulated by a federal agency; however, application of the exemption cannot be determined with certainty from the four corners of the First Amended Complaint. The Court is not convinced that the exemption would apply to Defendants who, as Plaintiff alleges, acted as loan servicers, and the exemption clearly would not apply to non-banks such as JPMCC and FNMA. Also, although Defendants assert that they are not "debt collectors" within the meaning of the FDCPA because they were not attempting to collect a debt due another, there remains a question of fact as to whether 15 U.S.C. § 1692(f) applies to activities by JPMCC, JPMC, WaMu, and FNMA, as alleged by Plaintiff, to enforce a security interest via mortgage foreclosure. See 15 U.S.C. § 1692a(6).

Questions of fact preclude dismissal of Plaintiff's FCCPA claim as well, because she plainly alleges that Defendants knew they did not have the legal right to collect the alleged debt and knew that Plaintiff was not in default. See Fla. Stat § 559.72(9). Likewise, Plaintiff is able to overcome dismissal of her common law claims for civil conspiracy and abuse of process through her factual allegations that Defendants acted unlawfully, and in agreement, with the intent to defraud her through the use of sham

documents and fabricated evidence, and that their actions caused her damages. Finally, her civil RICO claims under 18 U.S.C. § 1962 adequately allege facts, at least for this stage of the proceedings, to support each of the statutory elements for the predicate acts that allegedly divested her of her homestead. Plaintiff is able to avoid the time-bar of her civil RICO claim inasmuch as she alleges she was prevented from discovering that she was the victim of fraud by Defendants' concealment of the alleged fraud.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 3) is denied. Defendants shall file their answers and defenses to the First Amended Complaint within ten (10) days of this Order.

**DONE AND ORDERED** at Tampa, Florida, on May 4, 2012.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record