UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ELIZABETH H. COURSEN,**

    Plaintiff,

    v.                                                    Case No.:  8:12-cv-690-T-26-EAJ

                                                      Case No.: 2010 CA 008588 NC
                                                      (State Court Case No.)

**JP MORGAN CHASE & CO. a foreign corporation, JPMORGAN CHASE BANK, N.A., individually and as successor to WASHINGTON MUTUAL BANK, a dissolved federal bank, FEDERAL NATIONAL MORTGAGE CORPORATION, a foreign corporation, ET AL.**

    **Defendant(s).**
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, JP Morgan Chase & Co. a foreign corporation, JPMorgan Chase Bank, N.A., individually and as successor to (collectively "Chase"), Washington Mutual Bank, a dissolved federal bank ("WaMu"), and Federal National Mortgage Corporation, a federally-chartered corporation ("FNMA"), (collectively, the "Defendants"), by and through their undersigned counsel, hereby files their Answer and Affirmative Defenses to Plaintiff's' FIRST Amended Complaint.

## INTRODUCTORY ALLEGATIONS

    1.    Admitted that Plaintiff brings the referenced claims but denied as to any liability and as to the truth of any of the allegations.

2. Admitted that Plaintiff seeks an Order from the Court as outlined; otherwise, without knowledge and therefore denied.

3. Admitted that Chase acquired the assets of WaMu on or about September 25, 2008; otherwise, Chase denies the allegations in paragraph 3 as stated, and demands strict proof thereof.

## JURISDICTION

4. Without knowledge; therefore, denied.

5. Chase admits to the jurisdiction of this Court. Otherwise, Chase denies the allegations in paragraph 5 as stated, and demands strict proof there.

6. Admitted that Chase acquired certain assets and liabilities of WaMu on or about September 25, 2008. Otherwise, denied.

7. FNMA admits to the jurisdiction of this Court, and that the referenced case was filed. Otherwise, FNMA denies the allegations in paragraph 7, and demands strict proof thereof.

8. Without knowledge; therefore, denied.

9. Defendants deny the allegations in paragraph 9, and demand strict proof thereof.

10. Without knowledge; therefore, denied.

11. Without knowledge; therefore, denied.

12. Without knowledge; therefore, denied.

13. Without knowledge; therefore, denied.

14. Without knowledge; therefore, denied.

15. Without knowledge; therefore, denied.

16. Without knowledge; therefore, denied.

17. Without knowledge; therefore, denied.

## GENERAL ALLEGATIONS and
## FACTS COMMON TO ALL COUNTS

18. Defendants deny the allegations contained in paragraph 18, and demand strict proof thereof.

16. [1] Defendants deny the allegations contained in paragraph 16 (sic), and demand strict proof thereof.

17. Admitted that Defendants are engaged in some aspect of the mortgage industry, but denied as to the remaining allegations in paragraph 17 (sic), and demand strict proof thereof.

18. Defendants deny the allegations contained in paragraph 18 (sic), and demand strict proof thereof.

19. Without knowledge; therefore, denied and demand strict proof thereof.

20. Plaintiff fails to attach the referenced document; therefore, Defendants can neither admit nor deny. Otherwise, without knowledge, therefore denied and demand strict proof thereof.

21. Plaintiff fails to attach the referenced document; therefore, Defendants can neither admit nor deny. Otherwise, without knowledge, therefore denied and demand strict proof thereof.

22. Plaintiff fails to attach the referenced document; therefore, Defendants can neither admit nor deny. Otherwise, without knowledge, therefore denied and demand strict proof thereof.

23. Plaintiff fails to attach the referenced document; therefore, Defendants can neither admit nor deny. Otherwise, without knowledge, therefore denied and demand strict proof thereof.

---

[1] Plaintiff improperly numbered the paragraphs.

24. Admitted that the referenced foreclosure action was filed. Otherwise, Defendants deny the allegations contained in paragraph 24, and demand strict proof thereof.

25. Plaintiff fails to attach the referenced document; therefore, Defendants can neither admit nor deny. Otherwise, without knowledge as to the actions of Shapiro and Fishman; therefore, denied and demand strict proof thereof.

26. Plaintiff fails to attach the referenced document; therefore, Defendants can neither admit nor deny. Otherwise, without knowledge as to the actions of Shapiro and Fishman; therefore, denied and demand strict proof thereof.

27. Without knowledge; therefore, denied.

28. Without knowledge; therefore, denied.

29. Plaintiff fails to attach the referenced document; therefore, Defendants can neither admit nor deny. Otherwise, without knowledge as to the actions of Shapiro and Fishman; therefore, denied and demand strict proof thereof.

30. Plaintiff fails to attach the referenced document; therefore, Defendants can neither admit nor deny.

31. Defendants admit that the referenced document, although not attached, speaks for itself.

32. Admitted that the referenced foreclosure action was filed. Otherwise, Defendants deny the allegations contained in paragraph 32, and demand strict proof thereof.

33. Defendants admit that the referenced documents, although not attached, speak for themselves.

34. Defendants admit that the referenced document, although not attached, speaks for itself. Otherwise, without knowledge as to the actions of Shapiro and Fishman; therefore, denied and demand strict proof thereof.

35. Defendants admit that the referenced document, although not attached, speaks for itself.

36. Defendants admit that the referenced document, although not attached, speaks for itself.

37. Admitted.

38. Admitted that WaMu filed a Notice of Filing Original Note and Mortgage; otherwise, denied and demand strict proof thereof.

39. Without knowledge; therefore, denied.

40. Defendants admit that the referenced document, although not attached, speaks for itself.

41. Defendants admit that the referenced document, although not attached, speaks for itself.

42. Admitted that the referenced docket speaks for itself; otherwise, denied.

## BACKGROUND

43. Plaintiff states a legal conclusion to which no response is required.

44. Plaintiff states a legal conclusion to which no response is required and that the referenced statute speaks for itself.

45. Plaintiff makes speculations and legal conclusions, to which no response is required.

46. Denied that Fannie Mae dismissed the lawsuit because it could not prove the terms of the instrument and its right to enforce the instrument. Defendants demand strict proof thereof. As to the remainder of paragraph 46, Plaintiff states a legal conclusion to which no response is required.

47. Denied and demand strict proof thereof.

48. Denied and demand strict proof thereof.

49. Plaintiff makes speculations and legal conclusions, to which no response is required.

50. Admitted that WaMu filed for foreclosure in 2006 claiming to be the owner and holder of the note; however, denied as to the remainder of paragraph 50 and demand strict proof thereof.

51. Defendants admit that the referenced document, although not attached, speaks for itself.

52. Plaintiff makes speculations and legal conclusions, to which no response is required. Notwithstanding the foregoing, denied that WaMu made misrepresentations.

53. Plaintiff states a legal conclusion to which no response is required.

54. Plaintiff makes speculations and legal conclusions, to which no response is required. Notwithstanding the foregoing, denied and demand strict proof thereof.

55. Admitted that WaMu was seized by the FDIC on September 25, 2008. As to the remainder of paragraph 55, Plaintiff makes speculations and legal conclusions, to which no response is required.

56. Plaintiff makes speculations and legal conclusions, to which no response is required.

57. Plaintiff makes speculations and legal conclusions, to which no response is required.

58. Denied and demand strict proof thereof.

## COUNT I
### Florida Deceptive and Unfair Trade Practice Act
### As to all Defendants except SF

59. Plaintiff states a legal conclusion to which no response is required; additionally, the referenced statute speaks for itself.

60. Admitted.

61. Plaintiff states a legal conclusion to which no response is required; additionally, the referenced statute speaks for itself.

62. Plaintiff states a legal conclusion to which no response is required.

63. Plaintiff states a legal conclusion to which no response is required.

64. Denied and demand strict proof thereof.

65. Denied and demand strict proof thereof.

66. Denied and demand strict proof thereof.

67. Denied and demand strict proof thereof.

68. Denied and demand strict proof thereof.

69. Denied and demand strict proof thereof.

70. Denied and demand strict proof thereof.

71. Denied and demand strict proof thereof.

## COUNT II
### Illegal Consumer Collection
### (FDCPA claims against all defendants except SF
### FCCPA claims against all defendants)

72. Plaintiff states a legal conclusion to which no response is required; additionally, the referenced statute speaks for itself.

73. Denied and demand strict proof thereof.

74. Denied and demand strict proof thereof.

75. Denied and demand strict proof thereof.

76. Denied and demand strict proof thereof.

77. Denied and demand strict proof thereof.

78. Denied and demand strict proof thereof.

79. Denied and demand strict proof thereof.

80. Denied and demand strict proof thereof.

81. Denied and demand strict proof thereof.

### COUNT III- CIVIL CONSPIRACY
### (As to all Defendants)

82. Admitted that Plaintiff makes the referenced allegations, but denied that the allegations are true or accurate and demand strict proof thereof.

83. Denied and demand strict proof thereof.

84. Denied and demand strict proof thereof.

85. Denied and demand strict proof thereof.

86. Denied and demand strict proof thereof.

87. Denied and demand strict proof thereof.

### COUNT IV-
### ABUSE OF LEGAL PROCESS
### As to SF, JPMC as successor to WaMu, FNMA, the LPS entities and Dory Goebel

88. Admitted that Plaintiff request the referenced relief, but denied that she is entitled to such and demand strict proof thereof.

89. Denied and demand strict proof thereof.

90. Denied and demand strict proof thereof.

91. Denied and demand strict proof thereof.

92. Denied and demand strict proof thereof.

93. Denied and demand strict proof thereof.

94. Denied and demand strict proof thereof.

95. Denied and demand strict proof thereof.

### COUNT V-
### Damages and Declaratory Relief pursuant to
### 18 U.S.C. §§ 1962(b) and 18 U.S.C. §§ 1964
### AS TO FANNIE MAE, JPMC, JPMCC, THE LPS ENTITIES, Dory Goebel AND SF

96. Denied and demand strict proof thereof.

97. Denied and demand strict proof thereof.

98. Denied and demand strict proof thereof.

### AFFIRMATIVE DEFENSES

Defendants reserve the right to assert any additional affirmative defenses that may be disclosed during the course of investigation and discovery.

1. Plaintiff waived her claims by failing to assert them in the 2006 Foreclosure Case. The issues in the First Amended Complaint arise from the same aggregate operative facts as those in the Foreclosure Cases; therefore, Plaintiff's claims against Defendants are compulsory and are barred.

2. Plaintiff fails to adequately plead a cause of action since the Plaintiff's allegations are merely conclusory assertions of the elements of the cause of action insufficient to meet the

heightened pleading standard set forth by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)..

3. Plaintiff's claims are barred for failure to state a cause of action.

4. Plaintiff failed to make timely and appropriate payments due under the subject loan documents, thereby breaching the terms of same. Accordingly, Plaintiff is estopped from bringing any claims against Defendants.

5. Plaintiff has waived any claims against Defendants based on her actions/omissions as to the subject loan, including but not limited to, failure to make timely and appropriate payments pursuant to the loan documents.

6. Defendants are entitled to set off any damages attributable to their conduct against the debt owed by the Plaintiff.

7. Plaintiff failed to state a cause of action because at all times Defendants acted in good faith.

8. Defendants affirmatively allege that they did not participate in any fraud nor were they aware of any fraudulent conduct by any party associated with this loan, note or mortgage.

9. Plaintiff failed to state a cause of action because she has not suffered any damages.

10. Any damages suffered by Plaintiff resulted from her own acts and/or omissions.

11. Any Counts against any of the Defendants based on the conduct of the Defendants' assignors are barred because Chase did not assume the potential liabilities of WaMu associated with any borrower claims.

12. Count I for violation of FDUTPA does not apply to Defendants who are regulated by the Office of Financial Regulation of the Financial Services Commission or by federal agencies such as the FDIC and the OCC.

13. Plaintiff failed to state a cause of action for illegal consumer collection because Defendants are not debt collectors subject to provisions of the FDCPA.

14. Plaintiff failed to state a cause of action for illegal consumer collection because the 2003 and 2006 Foreclosure Cases do not constitute an initial communication that would trigger notice or validation requirements of the FDCPA.

15. Plaintiff failed to state a cause of action for illegal consumer collection because the Defendants did not commit any acts that were in violation of the statutes.

16. Plaintiff failed to state a cause of action for illegal consumer collection because any acts committed were not intentional and merely resulted from a bona fide error.

17. Plaintiff failed to state a cause of action under the FCCPA because she failed to plead that Defendants knew the right to foreclose did not exist.

18. Plaintiff's claims are barred because Defendants attempted to collect monies that were rightfully due, as a matter of law, and pursuant to the applicable loan documents.

19. Plaintiff failed to state a cause of action for civil conspiracy or under RICO because Defendants did not work in "agreement" with each other.

20. Plaintiff failed to state a cause of action for civil conspiracy because any acts committed were lawful.

21. Plaintiff failed to state a cause of action for abuse of process because Defendants merely used the legal process to accomplish a foreclosure of the Mortgage, for which Plaintiff had defaulted—the result for which a foreclosure action is intended.

22. Plaintiff failed to state a claim for abuse of process because the submission of affidavits and documents in the Foreclosure Cases does not constitute "process" or an abuse of process under Florida law.

23. Plaintiff failed to state a claim under RICO because Defendants did not act as an organization.

24. Plaintiff failed to state a claim for racketeering because merely submitting a defective affidavit (or assignment) does not constitute a RICO predicate act.

25. Plaintiff's claims are barred by the applicable statute of limitations.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court dismiss the action with prejudice, award it is attorneys' fees and costs pursuant to the terms of the Mortgage, and for such other and further relief as may be just and proper under the circumstances.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 14, 2012, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, who will provide electronic notification to: 2012 to Jacqulyn Mack, Mack Law Firm Chartered, 2022 Placida Road, Englewood, Florida 34224-5304.

/s/ Christine A. Marlewski
**CHRISTINE A. MARLEWSKI, ESQ.**
Florida Bar No. 0519571
**KRISTIN L. SHUSKO, ESQ.**
Florida Bar No. 0085400
GrayRobinson, P.A.
201 N. Franklin Street, Suite 2200
Tampa, Florida 33602
(813) 273-5000; facsimile (813) 273-5145
*Attorneys for Defendants, Chase, WaMu, and FNMA*