### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

CASE NO.: 8:12-cv-690-T-26-EAJ
L.T. CASE NO.: 2010 CA 008588 NC

ELIZABETH H. COURSEN,

        Plaintiff,

v.

JPMORGAN CHASE & CO., a foreign corporation,
*et al*.

        Defendants.

_____/

### DEFENDANT LPS DEFAULT SOLUTIONS'
### ANSWER AND AFFIRMATIVE DEFENSES

Defendant LPS DEFAULT SOLUTIONS, Inc. (improperly designated "Lender Processing Services Default Solutions, Inc.") files its Answer and Affirmative Defenses to the First Amended Complaint ("Complaint") filed by Plaintiff ELIZABETH H. COURSEN ("Plaintiff"), and states:

### ANSWER

1.    LPS DEFAULT SOLUTIONS, INC. ("LPS DEFAULT SOLUTIONS") denies that Plaintiff has been damaged, denies that LPS DEFAULT SOLUTIONS has taken any action or conspired with any other person or party to cause any damage to Plaintiff, denies participation in any racketeering activity, and denies participation in any "quest to procure the judgment in the foreclosure case." Otherwise, LPS DEFAULT SOLUTIONS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1 of the Complaint, and therefore denies paragraph 1 of the Complaint and demands strict proof thereof.

2.     LPS DEFAULT SOLUTIONS denies paragraph 2 of the Complaint and demands strict proof thereof.

3.     LPS DEFAULT SOLUTIONS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 3 of the Complaint, and therefore denies paragraph 3 of the Complaint and demands strict proof thereof.

4.     LPS DEFAULT SOLUTIONS lacks knowledge or information to form a belief about the truth of the allegations of paragraph 4 of the Complaint, and therefore denies paragraph 4 of the Complaint and demands strict proof thereof.

5.     LPS DEFAULT SOLUTIONS lacks knowledge or information to form a belief about the truth of the allegations of paragraph 5 of the Complaint, and therefore denies paragraph 5 of the Complaint and demands strict proof thereof.

6.     LPS DEFAULT SOLUTIONS lacks knowledge or information to form a belief about the truth of the allegations of paragraph 6 of the Complaint, and therefore denies paragraph 6 of the Complaint and demands strict proof thereof.

7.     LPS DEFAULT SOLUTIONS lacks knowledge or information to form a belief about the truth of the allegations of paragraph 7 of the Complaint, and therefore denies paragraph 7 of the Complaint and demands strict proof thereof.

8.     LPS DEFAULT SOLUTIONS lacks knowledge or information to form a belief about the truth of the allegations of paragraph 8 of the Complaint, and therefore denies paragraph 8 of the Complaint and demands strict proof thereof.

9.     LPS DEFAULT SOLUTIONS lacks knowledge or information to form a belief about the truth of the allegations of paragraph 9 of the Complaint, and therefore denies paragraph 9 of the Complaint and demands strict proof thereof.

BERGER SINGERMAN
attorneys at law            Boca Raton   Fort Lauderdale   Miami   Tallahassee

10.     LPS DEFAULT SOLUTIONS lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 10 of the Complaint and therefore denies paragraph 10 and demands strict proof thereof.

11.     LPS DEFAULT SOLUTIONS denies the allegations of paragraph 11 to the extent it attempts to infer any agency relationship between LPS DEFAULT SOLUTIONS and any other party, person or entity, and otherwise denies all other allegations of paragraph 11 of the Complaint and demands strict proof thereof.

12.     LPS DEFAULT SOLUTIONS admits Lender Processing Services, Inc. ("LPS") is a Delaware corporation registered to do business in Florida with a principal place of business in Jacksonville, Duva1 County, Florida. LPS DEFAULT SOLUTIONS denies the remaining allegations of Paragraph 12.

13.     LPS DEFAULT SOLUTIONS admits that LPS was spun off as an independent public company in 2008 and has its principal place of business in Duval county FL.  LPS DEFAULT SOLUTIONS denies all other allegations of paragraph 13 of the Complaint and demands strict proof thereof.

14.     LPS DEFAULT SOLUTIONS admits that it is a foreign corporation authorized to do business in the state of Florida. The remaining allegation of paragraph 14 denied.

15.     LPS DEFAULT SOLUTIONS lacks knowledge or information to form a belief about the truth of the allegations of paragraph 15 of the Complaint, and therefore denies paragraph 15 of the Complaint and demands strict proof thereof.

16.     LPS DEFAULT SOLUTIONS admits that during the period of October, 2006 to November, 2006 DORY GOEBEL worked for Fidelity National Foreclosure Solutions, Inc., an

BERGER SINGERMAN
attorneys at law                    *Boca Raton   Fort Lauderdale   Miami   Tallahassee*

indirect subsidiary of FNIS, at that time. During the course of her duties at that time, she executed affidavits, with authorization, on behalf of Washington Mutual.  LPS DEFAULT SOLUTIONS lacks knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 16 of the Complaint, and therefore denies paragraph 16 of the Complaint and demands strict proof thereof.

17.    LPS DEFAULT SOLUTIONS denies the allegations of paragraph 17 of the Complaint and all of its subparts, and demands strict proof thereof.

### GENERAL ALLEGATIONS AND
### FACTS COMMON TO ALL COUNTS

18.    LPS DEFAULT SOLUTIONS denies paragraph 18 of the Complaint and all of its subparts and demands strict proof thereof, except that LPS Default Solutions admits Dory Goebel has signed Affidavits of Indebtedness in the course of her employment. LPS DEFAULT SOLUTIONS further states that it lacks information to form a belief as to the truth of the allegations of paragraph 18(a) to the extent a copy of the Affidavit of Indebtedness has not been attached to the complaint.

16[1].    LPS DEFAULT SOLUTIONS denies paragraph 16 and demands strict proof thereof.

17.    LPS DEFAULT SOLUTIONS denies the allegations of paragraph 17 of the Complaint and demands strict proof thereof.

18.    LPS DEFAULT SOLUTIONS avers that any documents referred to in paragraph

---

[1] Plaintiff's Complaint is mis-numbered and jumps from paragraph 18 and its subparts on pages 6-9 of the Complaint back to paragraph 16 on page 9. Thus the numbering of this Answer follows the erroneous numbering of the Complaint, and includes two different paragraphs 16, 17 and 18.

BERGER SINGERMAN
attorneys at law    Boca Raton   Fort Lauderdale   Miami   Tallahassee

18 of the Complaint speak for themselves. Otherwise, LPS DEFAULT SOLUTIONS lacks sufficient information or knowledge to form a belief about the truth of the allegations of paragraph 18 and denies same and demands strict proof thereof. To the extent the allegations of paragraph 18 are conclusions of law, LPS DEFAULT SOLUTIONS asserts no response is required.

19.    The allegations of paragraph 19 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 19 of the Complaint. To the extent any allegation of paragraph 19 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 19 of the Complaint, and therefore denies same and demands strict proof thereof.

20.    LPS DEFAULT SOLUTIONS avers that the mortgage referred to in paragraph 20 of the Complaint speaks for itself. Otherwise, LPS DEFAULT SOLUTIONS lacks knowledge or information to form a belief about the truth of the allegations of paragraph 20 of the Complaint, and therefore denies paragraph 20 of the Complaint and demands strict proof thereof.

21.    LPS DEFAULT SOLUTIONS lacks knowledge or information to form a belief about the truth of the allegations of paragraph 21 of the Complaint, and therefore denies paragraph 21 of the Complaint and demands strict proof thereof.

22.    LPS DEFAULT SOLUTIONS avers that the assignment referred to in paragraph 22 of the Complaint speaks for itself. Otherwise, LPS DEFAULT SOLUTIONS lacks knowledge or information to form a belief about the truth of the allegations of paragraph 22 of the Complaint, and therefore denies paragraph 22 of the Complaint and demands strict proof thereof.

23.    LPS DEFAULT SOLUTIONS avers that the assignment referred to in paragraph

BERGER SINGERMAN
attorneys at law

Boca Raton    Fort Lauderdale    Miami    Tallahassee

23 of the Complaint speaks for itself. Otherwise, LPS DEFAULT SOLUTIONS lacks knowledge or information to form a belief about the truth of the allegations of paragraph 23 of the Complaint, and therefore denies paragraph 23 of the Complaint and demands strict proof thereof.

24.     LPS DEFAULT SOLUTIONS avers that the foreclosure complaint referred to in paragraph 24 of the Complaint speaks for itself. Otherwise, LPS DEFAULT SOLUTIONS lacks knowledge or information to form a belief about the truth of the allegations of paragraph 24 of the Complaint, and therefore denies paragraph 24 of the Complaint and demands strict proof thereof.

25.     LPS DEFAULT SOLUTIONS avers that the assignment referred to in paragraph 25 of the Complaint speaks for itself. Otherwise, LPS DEFAULT SOLUTIONS lacks knowledge or information to form a belief about the truth of the allegations of paragraph 25 of the Complaint, and therefore denies paragraph 25 of the Complaint and demands strict proof thereof.

26.     LPS DEFAULT SOLUTIONS avers that the affidavit referred to in paragraph 26 of the Complaint speaks for itself. Otherwise, LPS DEFAULT SOLUTIONS lacks knowledge or information to form a belief about the truth of the allegations of paragraph 26 of the Complaint, and therefore denies paragraph 26 of the Complaint and demands strict proof thereof.

27.     LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 27 of the Complaint, and therefore denies same and demands strict proof thereof.

28.     LPS DEFAULT SOLUTIONS avers that the Motion to Dismiss referred to in paragraph 28 of the Complaint speaks for itself. Otherwise, lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 28 of the Complaint, and therefore denies same and demands strict proof thereof.

BERGER SINGERMAN
attorneys at law                    Boca Raton    Fort Lauderdale    Miami    Tallahassee

29.    LPS DEFAULT SOLUTIONS avers that the Notice of Filing Original Note and Mortgage referred to in paragraph 29 of the Complaint speaks for itself. Otherwise, lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 29 of the Complaint, and therefore denies same and demands strict proof thereof.

30.    LPS DEFAULT SOLUTIONS avers that the promissory note referred to in paragraph 30 of the Complaint speaks for itself. The allegations of paragraph 30 of the Complaint are otherwise conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 30 of the Complaint. To the extent any allegation of paragraph 30 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS lacks knowledge or information to form a belief about the truth of the allegations of paragraph 30 of the Complaint, and therefore denies paragraph 30 of the Complaint and demands strict proof thereof.

31.    LPS DEFAULT SOLUTIONS avers that the Motion to Dismiss and the Order Granting Dismissal referred to in paragraph 31 of the Complaint speak for themselves. Otherwise, LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 31 of the Complaint, and therefore denies same and demands strict proof thereof.

32.    LPS DEFAULT SOLUTIONS avers that the Complaint referred to in paragraph 32 of the Complaint speaks for itself. Otherwise, LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 32 of the Complaint, and therefore denies same and demands strict proof thereof.

33.    LPS DEFAULT SOLUTIONS avers that the Complaint referred to in paragraph 33 of the Complaint speaks for itself. Otherwise, LPS DEFAULT SOLUTIONS lacks sufficient

BERGER SINGERMAN
attorneys at law

*Boca Raton   Fort Lauderdale   Miami   Tallahassee*

facts or information to form a belief about the truth of the allegations of paragraph 33 of the Complaint, and therefore denies same and demands strict proof thereof.

34.     LPS DEFAULT SOLUTIONS avers that the assignment referred to in paragraph 34 of the Complaint speaks for itself. Otherwise, LPS DEFAULT SOLUTIONS lacks knowledge or information to form a belief about the truth of the allegations of paragraph 34 of the Complaint, and therefore denies paragraph 34 of the Complaint and demands strict proof thereof.

35.     LPS DEFAULT SOLUTIONS avers that the Answer referred to in paragraph 35 of the Complaint speaks for itself. Otherwise, LPS DEFAULT SOLUTIONS lacks knowledge or information to form a belief about the truth of the allegations of paragraph 35 of the Complaint, and therefore denies paragraph 35 of the Complaint and demands strict proof thereof.

36.     LPS DEFAULT SOLUTIONS avers that the Motion for Summary Judgment and the Affidavit referred to in paragraph 36 of the Complaint speak for themselves. Otherwise, LPS DEFAULT SOLUTIONS lacks knowledge or information to form a belief about the truth of the allegations of paragraph 36 of the Complaint, and therefore denies paragraph 36 of the Complaint and demands strict proof thereof.

37.     LPS DEFAULT SOLUTIONS avers that the Final Summary Judgment a referred to in paragraph 37 of the Complaint speaks for itself. Otherwise, LPS DEFAULT SOLUTIONS lacks knowledge or information to form a belief about the truth of the allegations of paragraph 37 of the Complaint, and therefore denies paragraph 37 of the Complaint and demands strict proof thereof.

38.     LPS DEFAULT SOLUTIONS avers that the Notice of Filing Original Note and Mortgage a referred to in paragraph 38 of the Complaint speaks for itself. Otherwise, LPS DEFAULT SOLUTIONS lacks knowledge or information to form a belief about the truth of the

-8-

allegations of paragraph 38 of the Complaint, and therefore denies paragraph 38 of the Complaint and demands strict proof thereof.

39.     LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 39 of the Complaint, and therefore denies same and demands strict proof thereof.

40.     LPS DEFAULT SOLUTIONS avers that the proof claim referred to in paragraph 40 of the Complaint speaks for itself. Otherwise, LPS DEFAULT SOLUTIONS lacks knowledge or information to form a belief about the truth of the allegations of paragraph 40 of the Complaint, and therefore denies paragraph 40 of the Complaint and demands strict proof thereof.

41.     LPS DEFAULT SOLUTIONS avers that the proof of claim referred to in paragraph 41 of the Complaint speaks for itself. Otherwise, LPS DEFAULT SOLUTIONS lacks knowledge or information to form a belief about the truth of the allegations of paragraph 41 of the Complaint, and therefore denies paragraph 41 of the Complaint and demands strict proof thereof.

42.     LPS DEFAULT SOLUTIONS avers that the "Motions to Cancel Sale" referred to in paragraph 42 of the Complaint speak for themselves. Otherwise, LPS DEFAULT SOLUTIONS lacks knowledge or information to form a belief about the truth of the allegations of paragraph 42 of the Complaint, and therefore denies paragraph 42 of the Complaint and demands strict proof thereof.

## BACKGROUND

43.     The allegations of paragraph 43 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 43 of the Complaint. To the extent any allegation of paragraph 43 of the Complaint is

BERGER SINGERMAN
attorneys at law                    *Boca Raton    Fort Lauderdale    Miami    Tallahassee*

not a conclusion of law, LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 43 of the Complaint, and therefore denies same and demands strict proof thereof.

44.     The allegations of paragraph 44 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 44 of the Complaint. To the extent any allegation of paragraph 44 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 44 of the Complaint, and therefore denies same and demands strict proof thereof.

45.     LPS DEFAULT SOLUTIONS avers that the Lost Instrument Affidavit, Notice of Filing Original Note and Mortgage and other documents referred to in paragraph 45 of the Complaint speak for themselves. The remaining allegations of paragraph 45 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 45 of the Complaint. To the extent any allegation of paragraph 45 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 45 of the Complaint, and therefore denies same and demands strict proof thereof.

46.     The allegations of paragraph 46 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 46 of the Complaint. To the extent any allegation of paragraph 46 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 46 of the Complaint, and therefore denies same and demands strict proof thereof.

-10-

47.    The allegations of paragraph 47 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 47 of the Complaint. To the extent any allegation of paragraph 47 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the balance of the allegations of paragraph 47 of the Complaint, and therefore denies same and demands strict proof thereof.

48.    The allegations of paragraph 48 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 48 of the Complaint. To the extent any allegation of paragraph 48 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 48 of the Complaint, and therefore denies same and demands strict proof thereof.

49.    LPS DEFAULT SOLUTIONS avers that the Complaint referred to in paragraph 49 of the Complaint speaks for itself. The remaining allegations of paragraph 49 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 49 of the Complaint. To the extent any allegation of paragraph 49 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 49 of the Complaint, and therefore denies same and demands strict proof thereof.

50.    LPS DEFAULT SOLUTIONS avers that the "Foreclosure Complaint" referred to in paragraph 50 of the Complaint speaks for itself. The remaining allegations of paragraph 50 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS

-11-

DEFAULT SOLUTIONS is not obligated to answer paragraph 50 of the Complaint. To the extent any allegation of paragraph 50 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 50 of the Complaint, and therefore denies same and demands strict proof thereof.

51.     LPS DEFAULT SOLUTIONS avers that the proof of claim and assignment of mortgage referred to in paragraph 51 of the Complaint speak for themselves. Otherwise, the allegations of paragraph 51 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 51 of the Complaint. To the extent any allegation of paragraph 51 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 51 of the Complaint, and therefore denies same and demands strict proof thereof.

52.     The allegations of paragraph 52 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 52 of the Complaint. To the extent any allegation of paragraph 52 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 52 of the Complaint, and therefore denies same and demands strict proof thereof.

53.     The allegations of paragraph 53 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 53 of the Complaint.  To the extent any allegation of paragraph 53 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS lacks sufficient facts or information to

-12-

form a belief about the truth of the allegations of paragraph 53 of the Complaint, and therefore denies same and demands strict proof thereof.

54.     LPS DEFAULT SOLUTIONS avers that the proof of claim referred to in paragraph 54 of the Complaint speaks for itself. Otherwise the allegations of paragraph 54 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 54 of the Complaint.  To the extent any allegation of paragraph 54 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 54 of the Complaint, and therefore denies same and demands strict proof thereof.

55.     LPS DEFAULT SOLUTIONS avers that the assignments, affidavits and complaint referred to in paragraph 55 of the Complaint speak for themselves. Otherwise, the allegations of paragraph 55 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 55 of the Complaint. To the extent any allegation of paragraph 55 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 55 of the Complaint, and therefore denies same and demands strict proof thereof.

56.     LPS DEFAULT SOLUTIONS avers that the "foreclosure filing," the promissory note, the bankruptcy claim and the assignment of mortgage referred to in paragraph 56 of the Complaint speak for themselves. The allegations of paragraph 56 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 56 of the Complaint. To the extent any allegation of

-13-

paragraph 56 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 56 of the Complaint, and therefore denies same and demands strict proof thereof.

57.    The allegations of paragraph 57 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 57 of the Complaint.  To the extent any allegation of paragraph 57 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 57 of the Complaint, and therefore denies same and demands strict proof thereof.

58.    The allegations of paragraph 58 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 58 of the Complaint. To the extent any allegation of paragraph 58 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 58 of the Complaint, and therefore denies same and demands strict proof thereof.

<u>**COUNT I**</u>
<u>**Florida Deceptive and Unfair Trade practices Act**</u>
<u>**As to All Defendants except SF**</u>

59.    The allegations of paragraph 59 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 59 of the Complaint.

60.    The allegations of paragraph 60 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 60 of the Complaint. To the extent any allegation of paragraph 60 of the Complaint is

-14-

not a conclusion of law, LPS DEFAULT SOLUTIONS denies the allegations of paragraph 60 and demands strict proof thereof.

61.     The allegations of paragraph 61 of the Complaint and its subparts are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 61 of the Complaint. To the extent any allegation of paragraph 61 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 61 of the Complaint, and therefore denies same and demands strict proof thereof.

62.     The allegations of paragraph 62 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 62 of the Complaint. To the extent any allegation of paragraph 62 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS denies the allegations of paragraph 62 of the Complaint and demands strict proof thereof.

63.     The allegations of paragraph 63 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 63 of the Complaint. To the extent any allegation of paragraph 63 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 63 of the Complaint, and therefore denies same and demands strict proof thereof.

64.     LPS DEFAULT SOLUTIONS avers that the assignment of mortgage and other documents described in paragraph 64 of the Complaint speak for themselves. The allegations of paragraph 64 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 64 of the

BERGER SINGERMAN
attorneys at law          Boca Raton   Fort Lauderdale   Miami   Tallahassee

Complaint. To the extent any allegation of paragraph 64 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 64 of the Complaint, and therefore denies same and demands strict proof thereof.

65.    LPS DEFAULT SOLUTIONS avers that the Affidavit of Indebtedness and other "document" described in paragraph 65 of the Complaint speak for themselves. The allegations of paragraph 65 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 65 of the Complaint. To the extent any allegation of paragraph 65 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS denies the allegations of paragraph 65 of the Complaint, and demands strict proof thereof.

66.    LPS DEFAULT SOLUTIONS avers that the Assignments of Mortgage, Affidavit of Indebtedness and other "documents" described in paragraph 66 of the Complaint speak for themselves. The allegations of paragraph 66 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 66 of the Complaint. To the extent any allegation of paragraph 66 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 66 of the Complaint, and therefore denies same and demands strict proof thereof.

67.    The allegations of paragraph 67 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 67 of the Complaint. To the extent any allegation of paragraph 67 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS denies same and demands strict proof

BERGER SINGERMAN
attorneys at law    *Boca Raton   Fort Lauderdale   Miami   Tallahassee*

thereof.

68.     LPS DEFAULT SOLUTIONS denies the allegations in paragraph 68 and demands strict proof thereof.

69.     LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 69 of the Complaint, and therefore denies same and demands strict proof thereof.

70.     LPS DEFAULT SOLUTIONS denies the allegations in paragraph 70 and demands strict proof thereof.

71.     LPS DEFAULT SOLUTIONS denies the allegations in paragraph 71 and demands strict proof thereof.

**COUNT II**
**ILLEGAL CONSUMER COLLECTION**
**(FDCPA claims against all Defendants except SF**
**FCCPA against all Defendants)**

72.     The allegations of paragraph 72 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 72 of the Complaint.

73.     The allegations of paragraph 73 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 73 of the Complaint. To the extent any allegation of paragraph 73 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS denies same and demands strict proof thereof.

74.     The allegations of paragraph 74 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer

-17-

paragraph 74 of the Complaint. To the extent any allegation of paragraph 74 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS denies same and demands strict proof thereof.

75.     The allegations of paragraph 75 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 75 of the Complaint. To the extent any allegation of paragraph 75 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS denies same and demands strict proof thereof.

76.     The allegations of paragraph 76 of the Complaint, and its subparts, are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 76 of the Complaint and its subparts. To the extent any allegation of paragraph 76 of the Complaint, and its subparts, is not a conclusion of law, LPS DEFAULT SOLUTIONS denies same and demands strict proof thereof.

77.     LPS DEFAULT SOLUTIONS avers that the Assignments of Mortgage and other "documents" described in paragraph 77 of the Complaint speak for themselves. Otherwise the allegations of paragraph 77 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 77 of the Complaint. To the extent any allegation of paragraph 77 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 77 of the Complaint, and therefore denies same and demands strict proof thereof.

78.     The allegations of paragraph 78 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer

-18-

paragraph 78 of the Complaint. To the extent any allegation of paragraph 78 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS denies the allegations of paragraph 78 and demands strict proof thereof.

79.     LPS DEFAULT SOLUTIONS avers that the Affidavit of Indebtedness described in paragraph 79 of the Complaint speaks for itself. Otherwise the allegations of paragraph 79 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 79 of the Complaint. To the extent any allegation of paragraph 79 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 79 of the Complaint, and therefore denies same and demands strict proof thereof.

80.     The allegations of paragraph 80 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 80 of the Complaint. To the extent any allegation of paragraph 80 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS denies same and demands strict proof thereof.

81.     The allegations of paragraph 81 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 81 of the Complaint. To the extent any allegation of paragraph 81 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS denies same and demands strict proof thereof.

## COUNT III- CIVIL CONSPIRACY
### As to all Defendants

-19-

82.     LPS DEFAULT SOLUTIONS denies the allegations in paragraph 82 and demands strict proof thereof.

83.     LPS DEFAULT SOLUTIONS denies the allegations in paragraph 83 and demands strict proof thereof.

84.     LPS DEFAULT SOLUTIONS avers that the Affidavit of Indebtedness, Assignments of Mortgage, and Affidavit of Lost Mortgage described in paragraph 84 of the Complaint speak for themselves. Otherwise the allegations of paragraph 84 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 84 of the Complaint. To the extent any allegation of paragraph 84 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 84 of the Complaint, and therefore denies same and demands strict proof thereof.

85.     The allegations of paragraph 85 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 85 of the Complaint. To the extent any allegation of paragraph 85 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS denies same and demands strict proof thereof.

86.     The allegations of paragraph 86 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 86 of the Complaint

87.     LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 87 of the Complaint, and therefore denies same and demands strict proof thereof.

-20-

**COUNT IV-**
**ABUSE OF LEGAL PROCESS**
**AS TO SF, JPMC as successor to WaMu, FNMA, THE LPS ENTITIES and LPS Default**
**Solutions**

88.     LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 88 of the Complaint, and therefore denies same and demands strict proof thereof.

89.     LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 89 of the Complaint, and therefore denies same and demands strict proof thereof.

90.     LPS DEFAULT SOLUTIONS avers that the Affidavit of Indebtedness and Assignments of Mortgage, described in paragraph 90 of the Complaint speak for themselves. Otherwise the allegations of paragraph 90 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 90 of the Complaint. To the extent any allegation of paragraph 90 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS lacks sufficient facts or information to form a belief about the truth of the allegations of paragraph 90 of the Complaint, and therefore denies same and demands strict proof thereof.

91.     LPS DEFAULT SOLUTIONS avers that the Affidavit of Indebtedness, Assignments of Mortgage and " 'endorsed' promissory note" described in paragraph 91 of the Complaint speak for themselves. Otherwise the allegations of paragraph 91 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 91 of the Complaint. To the extent any allegation of paragraph 91 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS lacks

BERGER SINGERMAN
attorneys at law          *Boca Raton    Fort Lauderdale    Miami    Tallahassee*

sufficient facts or information to form a belief about the truth of the allegations of paragraph 91 of the Complaint, and therefore denies same and demands strict proof thereof.

92.     LPS DEFAULT SOLUTIONS denies the allegations in paragraph 92 and demands strict proof thereof.

93.     LPS DEFAULT SOLUTIONS denies the allegations of paragraph 93 of the Complaint and thus denies same and demands strict proof thereof.

94.     LPS DEFAULT SOLUTIONS denies the allegations of paragraph 94 of the Complaint and thus denies same and demands strict proof thereof.

95.     LPS DEFAULT SOLUTIONS denies the allegations of paragraph 95 of the Complaint and thus denies same and demands strict proof thereof.

## COUNT V:
### Damages and Declaratory Relief pursuant to
### 18 U.S.C. §§ 1961, 18 U.S.C. 1962(b) and 18 U.S.C.
### AS TO FANNIE MAE, JPMC, JPMCC, THE LPS ENTITIES, LPS Default Solutions, and SF

96.     The allegations of paragraph 96 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 96 of the Complaint. To the extent any allegation of paragraph 96 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS denies same and demands strict proof thereof.

97.     The allegations of paragraph 97 of the Complaint are conclusions of law and not statements of ultimate fact; therefore, LPS DEFAULT SOLUTIONS is not obligated to answer paragraph 97 of the Complaint. To the extent any allegation of paragraph 97 of the Complaint is not a conclusion of law, LPS DEFAULT SOLUTIONS denies the allegations of paragraph 97,

BERGER SINGERMAN
attorneys at law          Boca Raton   Fort Lauderdale   Miami   Tallahassee

and demands strict proof thereof.

98.    LPS DEFAULT SOLUTIONS denies the allegations of paragraph 98, and demands strict proof thereof.

99.    To the extent any enumerated allegation, un-enumerated allegation, general allegation, reincorporation of prior allegations, prayer for relief or other allegation in the Complaint is not expressly answered above, that allegation, in whatever form, is denied and LPS DEFAULT SOLUTIONS demands strict proof thereof.

## <u>LPS DEFAULT SOLUTIONS'S AFFIRMATIVE DEFENSES</u>

### <u>First Affirmative Defense</u>

As its First Affirmative Defense, LPS DEFAULT SOLUTIONS states that Plaintiff has failed to allege any factual or legal basis which would establish any agency between LPS DEFAULT SOLUTIONS and any other entity.

### <u>Second Affirmative Defense</u>

As its Second Affirmative Defense, LPS DEFAULT SOLUTIONS states that Plaintiff has failed to allege any factual or legal basis which would establish any vicarious liability between LPS DEFAULT SOLUTIONS and any other entity.

### <u>Third Affirmative Defense</u>

As its Third Affirmative Defense, LPS DEFAULT SOLUTIONS states that Plaintiff fails to state a claim for veil piercing.

### <u>Fourth Affirmative Defense</u>

As its Fourth Affirmative Defense, LPS DEFAULT SOLUTIONS states that Plaintiff has failed to mitigate her damages.

### <u>Fifth Affirmative Defense</u>

BERGER SINGERMAN
attorneys at law          *Boca Raton   Fort Lauderdale   Miami   Tallahassee*

As its Fifth Affirmative Defense, Plaintiff improperly conflates all allegations attributable to all Defendants and fails to indicate which counts are applicable to which Defendants.

## Sixth Affirmative Defense

As its Sixth Affirmative Defense, Plaintiff's fails to state a claim for relief under the FDCPA and FCCPA because LPS DEFAULT SOLUTIONS made no representation(s) to Plaintiff.

## Seventh Affirmative Defense

As its Seventh Affirmative Defense, LPS DEFAULT SOLUTIONS had no intention of making any representation(s) to Plaintiff.

## Eighth Affirmative Defense

As its Eighth Affirmative Defense, LPS DEFAULT SOLUTIONS did not make any effort to collect a debt.

## Ninth Affirmative Defense

As its Ninth Affirmative Defense, although LPS DEFAULT SOLUTIONS denies making any effort to collect a debt, if the Court should rule otherwise, Plaintiff fails to state a claim for the FDCPA for which relief may be granted because LPS DEFAULT SOLUTIONS committed no error in that any violation of FDCPA was not intentional and was a bona fide error and occurred despite the maintenance of procedures readily adapted to avoid such error.

## Ninth Affirmative Defense

As its Ninth Affirmative Defense, Plaintiff's FDCPA and FCCPA claims are barred by litigation privilege.

## Tenth Affirmative Defense

As its Tenth Affirmative Defense, LPS DEFAULT SOLUTIONS states that Plaintiff

-24-

failed state a cause of action against LPS DEFAULT SOLUTIONS as Plaintiff has failed to allege with specificity what actions or inactions were allegedly committed by LPS DEFAULT SOLUTIONS that allegedly violated FDCPA or FCCPA.

### Eleventh Affirmative Defense

As its Eleventh Affirmative Defense, LPS DEFAULT SOLUTIONS states that LPS DEFAULT SOLUTIONS has failed to allege any damages directly resulting from Plaintiff's alleged violation of FDCPA or FCCPA.

### Twelfth Affirmative Defense

As its Twelfth Affirmative Defense, LPS DEFAULT SOLUTIONS states that LPS DEFAULT SOLUTIONS is not a debt collector and therefore cannot be liable for any alleged violation of FDCPA or FCCPA.

### Thirteenth Affirmative Defense

As its Thirteenth Affirmative Defense, LPS DEFAULT SOLUTIONS states that Plaintiff failed state a cause of action against LPS DEFAULT SOLUTIONS as Plaintiff has failed to allege with specificity what actions or inactions were allegedly committed by LPS DEFAULT SOLUTIONS that allegedly violated FDCPA or FCCPA.

### Fourteenth Affirmative Defense

As its Fourteenth Affirmative Defense, LPS DEFAULT SOLUTIONS states that Plaintiff has failed to allege any damages directly resulting from LPS DEFAULT SOLUTIONS' alleged violation of FDCPA or FCCPA.

### Fifteenth Affirmative Defense

As its Fifteenth Affirmative Defense, Plaintiff failed to allege how LPS DEFAULT SOLUTIONS damaged Plaintiff, since Plaintiff lacks standing to contest any assignment of

BERGER SINGERMAN
attorneys at law

Boca Raton   Fort Lauderdale   Miami   Tallahassee

mortgage.

### Sixteenth Affirmative Defense

As its Sixteenth Affirmative Defense, LPS DEFAULT SOLUTIONS states that Plaintiff has failed to allege a sufficient factual foundation to be awarded punitive damages.

### Seventeenth Affirmative Defense

As its Seventeenth Affirmative Defense, Plaintiff has failed to allege any overt act committed by LPS DEFAULT SOLUTIONS in furtherance of the alleged conspiracy.

### Eighteenth Affirmative Defense

As its Eighteenth Affirmative Defense, Plaintiff's Complaint fails to state a claim against LPS DEFAULT SOLUTIONS upon which relief can be granted.

### Nineteenth Affirmative Defense

As its Nineteenth Affirmative Defense, LPS DEFAULT SOLUTIONS is entitled to the benefit of all statutory presumptions, provisions, damages and limitations.

### Twentieth Affirmative Defense

As its Twentieth Affirmative Defense, Plaintiff's alleged damages, if any, were the direct and proximate cause of a responsible superseding intervening cause.

### Twenty-first Affirmative Defense

As its Twenty-first Affirmative Defense, Plaintiff's claims for non-economic loss, injury or punitive damages should be limited and may not exceed constitutional limitations. Any and all punitive damages being sought by Plaintiff in this case are subject to the constitutional limitations imposed by the United States Supreme Court in *State Farm v. Campbell*, 123 S.Ct. 1513 (2003). Punitive damages sought in excess of the limitations mandated by *State Farm v. Campbell,* are in direct violation of LPS DEFAULT SOLUTIONS's constitutional rights.

BERGER SINGERMAN
attorneys at law          *Boca Raton   Fort Lauderdale   Miami   Tallahassee*

### Twenty-second Affirmative Defense

As its Twenty-second Affirmative Defense, Plaintiff's injuries or damages as alleged against LPS DEFAULT SOLUTIONS, if any, were caused in whole or in part by the acts or omissions of a third person or third persons, which acts or omissions LPS DEFAULT SOLUTIONS had no reason to anticipate and of which person or persons it had no knowledge and over whom it had no control.

### Twenty-third Affirmative Defense

As its Twenty-third Affirmative Defense, Plaintiff has failed to state a claim for which relief may be granted for Plaintiff's RICO claims because Plaintiff failed to specifically allege the elements of wire fraud.

### Twenty-fourth Affirmative Defense

As its Twenty-fourth Affirmative Defense, Plaintiff failed state a claim for which relief may be granted Plaintiff's RICO claims because Plaintiff failed to allege that that the scheme was reasonably calculated to deceive persons of ordinary prudence and comprehension.

### Twenty-fifth Affirmative Defense

As its Twenty-fifth Affirmative Defense, Plaintiff failed state a claim for which relief may be granted for Plaintiff's RICO claims because Plaintiff failed to plead each element of mail and wire fraud with the particularity required under Fed.R.Civ.P. 9(b).

### Twenty-sixth Affirmative Defense

As its Twenty-sixth Affirmative Defense, LPS DEFAULT SOLUTIONS avers that Plaintiff's claims for conspiracy are barred by the failure of Plaintiff's underlying claims to state a claim upon which relief may be granted.

### Twenty-seventh Affirmative Defense

-27-

As its Twenty-seventh Affirmative Defense, LPS DEFAULT SOLUTIONS avers that Plaintiff has failed to join indispensable parties.

### Twenty-Eighth Affirmative Defense

As its Twenty-Eighth Affirmative Defense, LPS DEFAULT SOLUTIONS avers that Plaintiff's claims are barred by the applicable statutes of limitation.

### Twenty-ninth Affirmative Defense

As its Twenty-ninth Affirmative Defense, LPS DEFAULT SOLUTIONS avers that Plaintiff's claims are barred by laches.

### Thirtieth Affirmative Defense

As its Thirtieth Affirmative Defense, LPS DEFAULT SOLUTIONS avers that Plaintiff's FDUTPA claims fail as the conduct alleged to give rise to claims by Plaintiff are not barred by state or federal law.

### Thirty-first Affirmative Defense

As its Thirty-first Affirmative Defense, Plaintiff's FDCPA and FCCPA claims fail to state a claim, as LPS DEFAULT SOLUTIONS did nothing to, or in connection with any effort to collect a debt.

### Thirty-second Affirmative Defense

As its Thirty-second Affirmative Defense, LPS DEFAULT SOLUTIONS is not engaged in trade or commerce as defined by Chapter 501, Florida Statutes.

### Thirty-third Affirmative Defense

As its Thirty-third Affirmative Defense Plaintiff has failed to allege a pattern of racketeering activity sufficient to support her claim.

### Thirty-fourth Affirmative Defense

-28-

As its Thirty-fourth Affirmative Defense, Plaintiff has failed to allege predicate acts sufficient to establish a pattern of racketeering activity.

### Thirty-fifth Affirmative Defense

As its Thirty-fifth Affirmative Defense, Plaintiff has failed to allege the elements of any predicate acts.

### Thirty-sixth Affirmative Defense

As its Thirty-sixth Affirmative Defense, Plaintiff has failed to allege the enterprise necessary to support its RICO claims.

### Thirty-seventh Affirmative Defense

As its Thirty-seventh Affirmative Defense, Plaintiff has failed to allege its claim for RICO against LPS DEFAULT SOLUTIONS with the required specificity.

### Thirty-eighth Affirmative Defense

As its Thirty-eighth Affirmative Defense, Plaintiff has failed to allege how LPS DEFAULT SOLUTIONS acquired and maintained any enterprise.

### Thirty-ninth Affirmative Defense

As its Thirty-ninth Affirmative Defense, Plaintiff has failed to allege that LPS DEFAULT SOLUTIONS acted to violate the RICO statute with intent or scienter.

### Fortieth Affirmative Defense

As its Fortieth Affirmative Defense, LPS DEFAULT SOLUTIONS adopts as its own, and incorporates by reference, each and every affirmative defense applicable to LPS DEFAULT SOLUTIONS raised by any other defendants in this action.

Dated: September 19, 2012

BERGER SINGERMAN
attorneys at law                    *Boca Raton    Fort Lauderdale    Miami    Tallahassee*

Respectfully submitted,


s/Michel O. Weisz
Michel O. Weisz, Esq.
Florida Bar No. 0336939
BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
mweisz@bergersingerman.com

*Attorneys for LPS Default Solutions*

-30-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 19, 2012, I electronically filed the foregoing with the Clerk of the Court via CM/ECF system, and electronic service will be provided to:

Jaclyn Mack, Esq.
Kerry Ellen Mack, Esq.
The Mack Law Firm Chartered
2022 Placida Road
Englewood, Florida 34224-5304

*Counsel for Plaintiff*

Ronald M. Gache, Esq.
Shapiro, Fishman & Gache, LLP
Suite 360
2424 N. Federal Hwy
Boca Raton, FL 33431

*Counsel for Shapiro & Fishman, GP*

Christine A. Marlewski, Esq.
Kristen Shusko, Esq.
Gray Robinson, P.A.
201 N. Franklin Street, Suite 2200
Tampa, Florida 33602

*Counsel for Chase, WaMu, and FNMA*

Michele A. Cavallaro, Esq.
Fidelity National Title Group
6600 N. Andrews Avenue, Suite 300
Fort Lauderdale, Florida 33309

*Counsel for Fidelity National Financial, Inc.*

s/Michel O. Weisz_____
Michel O. Weisz

4559982-1

-31-

**BERGER SINGERMAN**
attorneys at law    *Boca Raton   Fort Lauderdale   Miami   Tallahassee*