**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CASE NO.: 8:12-cv-690-T-26-EAJ
L.T. CASE NO.: 2010 CA 008588 NC

ELIZABETH H. COURSEN,

    Plaintiff,

v.

JPMORGAN CHASE & CO., a foreign corporation,
*et al*.

    Defendants.

_____/

**DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

Pursuant to Fed. R. Civ. P. 54(d)(2)(A) and Middle District of Florida Local Rule 4.18, Defendants Fidelity National Information Services, Inc., Fidelity National Financial, Inc., Lender Processing Services, Inc., LPS Default Solutions, Inc. and Dory Goebel (collectively "Defendants") respectfully submit this motion for an award of costs, expenses and attorneys' fees against Plaintiff, Elizabeth H. Coursen ("Plaintiff" or "Coursen") and in support thereof state:

In the Order granting Defendants' Motions Summary Judgment ("Order"), this Court determined that Plaintiff's claim brought under the Florida Deceptive and Unfair Trade Practices Act was "meritless" and "time-barred" ([D.E.] 157 at 28), and further, that claims brought under the Federal Debt Collections Practices Act and Florida Consumer Credit Protection Act were "meritless and untimely" ([D.E.] 157 at 30). With respect to Plaintiff's damages, this Court found that Defendants were entitled to summary judgment "because Coursen caused her foreclosure by defaulting on her mortgage, because the documents about which she complains

did not cause her damage, and because she has not suffered any articulable damages". [D.E.] 157 at 33. Additionally, the Court correctly found that Lender Processing Services, Inc. was entitled to summary judgment on Plaintiff's claims "because it did not exist in 2006", a fact that was readily determinable through Internet searches and public filings with the Delaware and Florida Secretaries of State. *See* [D.E.] 157 at 33. These specific findings justify an award to Defendants of their costs and attorneys' fees. As stated by the Court, where Plaintiff failed to present any facts to support her claims, "it is clear that the three motions for summary judgment are due to be granted". [D.E.] 157 at 2-3.

By statute, Defendants are entitled to attorneys' fees and costs in this action as the prevailing party on Plaintiff's claims brought under the Federal Debt Collections Practices Act ("FDCPA"), the Florida Consumer Collections Practices Act ("FCCPA") and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). While this Court has discretion to award the relief sought herein, such an award is justified based upon the express findings in the Order. Defendants were the prevailing party in connection with the Judgment entered on June 28, 2013 against Plaintiff on each and every Count of the First Amended Complaint. [D.E.] 158. Should the Court grant Defendants' Motion for attorneys' fees, Defendants will provide evidence as to the cost and reasonableness of the fees and costs incurred. A fair estimate of the fees and costs incurred to date is $308,363 in attorneys' fees, and $19,174 in costs. Of note, the costs and fees associated with the filing of this Motion are not included in these figures.

## ARGUMENT

An award of attorneys' fees is a collateral matter over which a district court normally retains jurisdiction post-judgment. *Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 270 F. App'x 962, 965 (11th Cir. 2008); *Briggs v. Briggs*, 260 F. App'x 164, 165 (11th Cir. 2007). The federal rules provide that claims for attorneys' fees should be made by a motion within 14

2

days after the entry of judgment. Fed.R.Civ.P. 54(d)(2)(A).  On June 28, 2013, this Court entered judgment in favor of Defendants and against Plaintiff Elizabeth Coursen on her First Amended Complaint, which included claims brought under the FDCPA, FDUTPA, and FCCPA.  Each statute expressly gives this Court discretion to award Defendants the costs and attorneys fees incurred in the defense of this matter as the prevailing party.

For example, under 12 U.S.C. §1692k(a)(3), a court may award a prevailing defendant attorneys' fees and costs where a plaintiff brings an action under the FDCPA in bad faith and for the purpose of harassment. *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1177, 185 L. Ed. 2d 242 (2013) (*citing* §1692k(a)(3)).  Typically, a finding of bad faith is warranted where the individual knowingly or recklessly raises a frivolous argument. *Wachovia Bank v. Tien*, 406 F. App'x 378, 382 (11th Cir. 2010).  As set forth in the background facts contained in the Order, Plaintiff's claims were meritless, time-barred, and had been litigated – and ruled upon disfavorably to Plaintiff – on numerous occasions. [D.E.] 157 at 28-29.

> The Court agrees with Defendants that this lawsuit amounts to another attempt to re-litigate the issues Coursen has already asserted in the underlying foreclosure action. As set forth in the Case Background portion of this Order, Coursen has already challenged the judgment of foreclosure on the basis of alleged fraud and deficiencies in connection with the 2006 AOM and Affidavit on no fewer than seven occasions.

[D.E.] 157 at 20.  Further, as this Court found, "[t]he evidence simply does not support Coursen's conclusory claims that Defendants manufactured evidence and sham pleadings to recover to a debt that did not exist." [D.E] 157 at 29.  Plaintiff did not, because she could not, point to a single act undertaken by Defendants that would violate the FDCPA.  Thus, Plaintiff's FDCPA claim, based exclusively upon allegations that Defendants "manufactured" the 2006 assignment of mortgage and affidavit, is patently frivolous and entitles Defendants to their fees and costs.

3

Under a similar analysis, Plaintiff's FCCPA claim supports a fee award to Defendants. The Court has discretion to hold Plaintiff liable for court costs and reasonable fees incurred by Defendants if the Court finds "that the suit fails to raise a justiciable issue of law or fact". Fla. Stat. §559.77. Clearly, Plaintiff's meritless, time-barred, previously adjudicated claims did not raise any justiciable issue of law or fact. *See* [D.E.] 157 at 28-29 (applying the same reasoning to FDCPA and FCCPA claims in granting judgment in favor of Defendants).

Additionally, Defendants should be awarded prevailing party attorney's fees pursuant to Plaintiff's FDUTPA claim. A prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party. Fla. Stat. §501.2105. A Notice of Appeal has not been filed in this action to-date. The following factors may to be considered in determining FDUTPA fee awards:

> (1) the scope and history of the litigation;
> (2) the ability of the opposing party to satisfy an award of fees;
> (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances;
> (4) the merits of the respective positions-including the degree of the opposing party's culpability or bad faith;
> (5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless;
> (6) whether the defense raised a defense mainly to frustrate or stall;
> (7) whether the claim brought was to resolve a significant legal question under FDUTPA law.

*Humane Soc. of Broward Cnty., Inc. v. Florida Humane Soc.*, 951 So. 2d 966, 971-72 (Fla. Dist. Ct. App. 2007). As stated in the Order, Plaintiff "seeks to have this Court decide the very same issues that she repeatedly brought before the court in the 2006 foreclosure case – and were ruled upon." [D.E.] 157 at 23. The scope and history of litigation as to Plaintiff's claims includes, but is not limited to, two failed attempts for injunction orders, repeated attempts to vacate the final foreclosure judgment, an appeal, and, ultimately, the filing of this action. [D.E.] 157 at 14-17.

4

Plaintiff has been litigating the same flawed claims for close to seven years. Indeed, Plaintiff's sworn statements in the September 27, 2011 Verified Motion to Vacate Final Summary Judgment are *identical* to many of the factual allegations asserted against Defendants. [D.E.] 157 at 15. In addition to finding that this lawsuit amounts to the re-litigation of the same claims, ([D.E.] 157 at 20), this Court has determined that Plaintiff's FDUTPA claim is meritless ([D.E.] 157 at 28. Specifically, Plaintiff has failed to state a claim under the FDUTPA because none of Plaintiff's allegations constituted "trade or commerce" as a matter of Florida law. [D.E.] 157 at 28. Considering the extent of the unsuccessful litigation, the meritless and time-barred nature of the claim, and Plaintiff's lack of articulable damages ([D.E.] 157 at 33), the FDUTPA claim is patently frivolous, unreasonable, groundless, and made in bad faith. Defendants should be awarded their fees and costs as the prevailing party.

## CONCLUSION

For all of the foregoing reasons, Defendants Fidelity National Information Services, Inc., Fidelity National Financial, Inc., Lender Processing Services, Inc., LPS Default Solutions, Inc. and Dory Goebel respectfully move this court for entry of an Order granting the Motion for Fees and Costs to be awarded to Defendants as prevailing party and satisfied by Plaintiff, for leave to file evidence of the amount and reasonableness of the attorneys' fees and costs incurred in this matter, and for any additional relief as this Court deems appropriate.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that, pursuant to local Rule 3.01, on July 10, 2013, I conferred with opposing counsel in a good faith effort to resolve the issues that are the subject of this Motion, and we were unable to reach any agreement.

By: /s/ Michel O. Weisz

Respectfully submitted,

BERGER SINGERMAN, LLP
Attorneys for Defendants Fidelity National Financial, Inc., Fidelity National Information Services, Inc. Lender Processing Services, Inc., LPS Default Solutions, Inc., and Dory Goebel
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Phone: (305) 755-9500
Facsimile: (305) 714-4340

By: /s/ Michel O. Weisz
    Mitchell W. Berger
    Florida Bar No.: 311340
    mberger@bergersingerman.com
    Michel O. Weisz
    Florida Bar No. 336939
    mweisz@bergersingerman.com
    Celine A. Funk
    Florida Bar No. 96648
    sfunk@bergersingerman.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this was served via email the 11th day of July 2013 to:

Jacqulyn Mack, Esq.
The Mack Law Firm, Chartered
2022 Placida Road
Englewood, FL 34224-5304
*Counsel for plaintiff*
jacqulyn@macklawfirm.org
eservice1@macklawfirm.org
eservice2@macklawfirm.org

Michele A. Cavallaro, Esq.
Fidelity National Title Group
6600 N. Andrews Ave., Suite 300
Ft. Lauderdale, FL 33309
*Co-counsel for Fidelity National Financial, Inc.*
Michele.cavallaro@fnf.com

Ronald M. Gache, Esq.
Ileen J. Cantor, Esq.
Shapiro Fishman & Gache, LLP
2424 N Federal Highway, Suite 360
Boca Raton, FL 33431
*Counsel for Shapiro Fishman & Gache, LLP*
rgache@logs.com
icantor@logs.com

By: /s/ Michel O. Weisz