UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(Tampa)

Case No. 12-CV-690-T-26-EAJ

ELIZABETH H. COURSEN,

      Plaintiff,

v.

JPMORGAN CHASE & CO., *et al.*,

      Defendants.

_____/

## DEFENDANT, SHAPIRO, FISHMAN & GACHÉ, LLP'S, MOTION FOR ATTORNEY'S FEES AND INCORPORATED MEMORANDUM OF LAW[1]

      Defendant, Shapiro, Fishman & Gaché, LLP (the "Firm" or "SFG"), pursuant to Federal Rule of Civil Procedure 54(d), Middle District of Florida Local Rule 4.18(a), and section 559.77(2), Florida Statutes (2013) ("FCCPA"), respectfully moves the Court to award the Firm reasonable attorney's fees and costs from Plaintiff Elizabeth H. Coursen ("Coursen").

**PROCEDURAL BACKGROUND**

      1.    Coursen sued SFG in her First Amended Complaint (SFG was added as a party in the First Amended Complaint) dated March 6, 2012.

      2.    Coursen asserted various claims against SFG including civil conspiracy, civil RICO, abuse of process, and violation of the Florida Consumer Collection Practices Act, specifically section 559.72(9), Florida Statutes (2013).

      3.    On June 25, 2013, this Honorable Court issued an Order (DE 155) granting SFG's Motion for Summary Judgment and directing entry of judgment in favor of SFG and against

---

[1] This Motion for Fees is filed pursuant to this Court's Order dated July 15, 2013, DE 161.

Coursen as to all of her claims against SFG.

4.      SFG would respectfully adopt, reassert, and incorporate by reference its Motion for Summary Judgment with the Memorandum of Law, and this Court's Order granting SFG's Motion for Summary Judgment,  as if fully set forth herein.

5.      On June 26, 2013, the clerk entered Final Judgment in favor of SFG and against Coursen.  (DE 156).

6.      This Honorable Court's lengthy and detailed Order granting SFG's Motion for Summary Judgment establishes that Coursen failed to raise a justiciable issue of law or fact under her FCCPA claim against the Firm.

7.      The FCCPA provides for an award of reasonable fees if the court finds that the claim failed to raise a justiciable issue of law or fact.

8.      Coursen's FCCPA claim against SFG was meritless.

9.      SFG is therefore entitled to an award of its attorneys' fees as reflected in the declarations of counsel filed herewith.

WHEREFORE, SFG respectfully requests that this Honorable Court enter an Order finding SFG to be entitled to an award of attorneys' fees associated with the defense of this action, that this Honorable Court find that the amount and hourly rate of attorneys' fees SFG seeks are reasonable, enter judgment against Coursen in the amount of $18,750.00, order Coursen to pay interest on said judgment at the statutory interest rate, and for such other relief that this Court deems just and proper.

## MEMORANDUM OF LAW

The Florida Consumer Protection Act contains an attorney's fee provision set forth in section 559.77(2), Florida Statutes (2013).  It states in part that "[i]f the court finds that the suit

2

fails to raise a justiciable issue of law or fact, the plaintiff shall be liable for court costs and reasonable attorney's fees incurred by the defendant."

The Firm is entitled to its reasonable attorneys' fees because this Court's Order granting SFG's Motion for Summary Judgment establishes that Coursen failed to raise any justiciable issue of law or fact in her FCCPA claim against the Firm.  *See* DE 155 at pp. 26-27.  As such, under FCCPA, the Firm is entitled to reasonable attorneys' fees.[2]

Further, Federal Rule of Civil Procedure 54(d)(1) states that costs should be allowed to the prevailing party.  Because Final Judgment was entered in favor of SFG, SFG is the prevailing party.  Accordingly, the Firm is also entitled to its costs.[3]

At the outset, it should be noted that this Court is authorized to award fees to a law firm representing itself.  First, the plain language of the FCCPA does not limit collection of the claimant's attorney fees only when there are two entities, the claimant and its attorney.  Second, in *Kay v. Ehrler*, 499 U.S. 432, 437-38 (1991), the United States Supreme Court held that an individual attorney could not recover attorney fees for representing himself in a § 1988 civil rights suit. In so holding, the Supreme Court noted the distinction between individual and entity claimants, such as an incorporated law firm.  Id. at 436 n.7.  In other words, when an organization is represented by an attorney employed by the organization, the attorney has a status separate from the client.  Thus, even if the FCCPA was construed to require both a lawyer and a client (which it does not), such a requirement would be met in this case, so that SFG could collect attorney fees under the FCCPA.

Because SFG seeks an attorney fee award defending the FCCPA claim, which is a matter

---

[2] The fees associated with the defense of Coursen's FCCPA claim is indistinguishable from those incurred in defense of her other claims against SFG.

[3] SFG is also filing a Bill of Costs.

of Florida state law, state rules regarding the award of attorney's fees are to be applied. *See, e.g., McMahan v. Toto*, 256 F.3d 1120, 1133 (11th Cir. 2001). As the Florida Supreme Court and the district courts in the Eleventh Circuit employ the same lodestar approach to determine reasonable fee awards, this Court can analyze SFG's claim for attorney's fees according to federal law. *See Schafler v. Fairway Park Condominium Ass'n*, 324 F. Supp. 2d 1302, 1312 (S.D. Fla. 2004), *affirmed*, 147 Fed. Appx. 113 (11th Cir. 2005) (unpublished).

The most important factor in determining what is a reasonable fee is the magnitude of the Defendant's success in the case as a whole. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). If the moving party has won excellent results, it is entitled to a fully compensatory fee award. *Id.* at 435. Here, a full compensatory award is warranted as SFG achieved excellent results.

This court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988).

"The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d. 776, 781 (11th Cir. 1994) (*per curiam*); *see also Hensley*, 461 U.S. at 433. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education*, 775 F.2d 1565, 1571 (11th Cir. 1985). In light of their experience and the context of the defense of this case, SFG believes the requested hourly rate of $375 for Ronald M. Gaché and $250 for Ileen J. Cantor should be regarded as reasonable.

Ronald M. Gaché and Ileen J. Cantor represented SFG in this case. Mr. Gaché spent 29.4 hours working on this case and at a rate of $375 per hour, the value of his time amounts to

$11,025.00.  Ms. Cantor spent 30.9 hours on this matter and at a rate of $250 per hour the value of her time amounts to $7,725.00. The total value of the time invested in the defense of this matter by Mr. Gaché and Ms. Cantor amounts to $18,750.00.

For the foregoing reasons, SFG requests this Court make and enter its Order granting SFG's Motion for Attorney's Fees and order Plaintiff to pay to SFG a reasonable attorney's fee, enter judgment against Coursen in the amount of $18,750.00, order Coursen to pay interest on said judgment at the statutory interest rate, and for such additional and further relief as this Court deems just and proper under the circumstances.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 3.01(g), United States District Court, Middle District of Florida, counsel for SFG hereby certifies that prior to filing this Motion it conferred with Plaintiff's counsel, but that Plaintiff and SFG were unable to agree to the relief requested by this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 29, 2013, I electronically filed the foregoing with the

Clerk of the Court via the CM/ECF system, who will provide electronic notification to:

Michele A. Cavallaro, Esq.
Fidelity National Title Group
6600 N. Andrews Avenue, Suite 300
Ft. Lauderdale, FL 33309
*Co-counsel for Fidelity National Financial,
Inc.*

Mitchell W. Berger, Esq.
Michel O. Weisz, Esq.
Celine Alexander Funk, Esq.
Berger Singerman, LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
*Counsel for Defendants Fidelity National
Financial Inc., Fidelity National Information
Services, Inc., LPS Default Solutions, Inc. and
Dory Goebel*

Jacqulyn Mack, Esq.
Kerry Mack, Esq.
Mack Law Firm Chartered
2022 Placida Road
Englewood, Florida 34224-5304
*Counsel for plaintiff*

SHAPIRO, FISHMAN & GACHE, LLP
*Counsel for Defendant Shapiro & Fishman*
2424 North Federal Highway, Suite 360
Boca Raton, FL  33431
561-287-5599 (phone)
561-287-5589 (fax)

By: /s/ Ronald M. Gaché, Esq
Ronald M. Gaché, Esq.
Florida Bar No. 699306
rgache@logs.com
Ileen J. Cantor, Esq.
Florida Bar No. 977128
icantor@logs.com