# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CASE NO.: 8:12-cv-690-T-26-EAJ
L.T. CASE NO.: 2010 CA 008588 NC

ELIZABETH H. COURSEN,

    Plaintiff,

v.

JPMORGAN CHASE & CO., a foreign corporation,
*et al.*

    Defendants.
_____/

## DEFENDANTS' AMENDED MOTION FOR ATTORNEYS' FEES AND COSTS

Pursuant to Fed. R. Civ. P. 54(d)(2)(A) and Middle District of Florida Local Rule 4.18, Defendants Fidelity National Information Services, Inc., Fidelity National Financial, Inc., Lender Processing Services, Inc., LPS Default Solutions, Inc. and Dory Goebel (collectively "Defendants") respectfully submit this motion for an award of costs, expenses and attorneys' fees against Plaintiff, Elizabeth H. Coursen ("Plaintiff" or "Coursen") and in support thereof state:

In the Order granting Defendants' Motions Summary Judgment ("Order"), this Court determined that Plaintiff's claims, including those brought under the Fair Debt Collections Practices Act and Florida Consumer Credit Protection Act, were "meritless and untimely". *See, e.g.*, [D.E. 157] at 30. This Court found that Defendants were entitled to summary judgment "because Coursen caused her foreclosure by defaulting on her mortgage, because the documents about which she complains did not cause her damage, and because she has not suffered any articulable damages". [D.E. 157] at 33. Additionally, the Court correctly found that Lender

Processing Services, Inc. was entitled to summary judgment on Plaintiff's claims "because it did not exist in 2006", a fact that was readily determinable through Internet searches and public filings with the Delaware and Florida Secretaries of State. *See* [D.E. 157] at 33. These specific findings justify an award to Defendants of their costs and attorneys' fees. As stated by the Court, where Plaintiff failed to present any facts to support her claims, "it is clear that the three motions for summary judgment are due to be granted". [D.E. 157] at 2-3.

By statute, Defendants are entitled to attorneys' fees and costs in this action as the prevailing party on Plaintiff's claims brought under the Fair Debt Collections Practices Act ("FDCPA"), the Florida Consumer Collections Practices Act ("FCCPA") and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Given that the FDUTPA provides for an award of fees and costs after the exhaustion of all appeals, Defendants are not entitled to relief under the statute at this time[1]. However, because the defense of this matter by all Defendants involves a basic common core of facts and is based upon related legal theories, Defendants invoke the availability of fees under the FDCPA and FCCPA in seeking relief for all fees and costs incurred, which cannot reasonably allocated by claim or by Defendant. If a party "is entitled to an award of fees for only some of the claims involved in the litigation, *i.e.*, because a statute or contract authorizes fees for a particular claim but not others, the trial court must evaluate the relationship between the claims" to determine the scope of the fee award. *Durden v. Citicorp Trust Bank, FSB*, 763 F. Supp. 2d 1299, 1306 (M.D. Fla. 2011) (*citing Chodorow v. Moore*, 947 So.2d 577, 579 (Fla. 4th DCA 2007). If, as here, "the claims involve a 'common core' of facts and are based on 'related legal theories,' a full fee may be awarded unless it can be shown that the attorneys spent a separate and distinct amount of time on counts as to which no attorney's fees were sought [or were authorized ]." *Id.* As is the case in the instant matter, where

---

[1] At the time Defendants filed their initial request for attorney fees, Plaintiff had not yet filed a notice of appeal.

2

a particular claim "is subject to a fee entitlement but one or more related claims are not, 'time spent marshaling the facts' of the related claims is compensable because it 'likely would have been spent defending any one or all of the counts.' *Id.* (*citing Caplan v. 1616 E. Sunrise Motors, Inc.*, 522 So.2d 920, 922 (Fla. 3d DCA 1988). Legal services performed in the defense of Plaintiff's claims against Defendants were so intertwined so as to render claim by claim or Defendant by Defendant allocation unfeasible. *See* Declaration of Michel Weisz, attached hereto as Exhibit 1.[2]

While this Court has discretion to award the relief sought herein, such an award is justified based upon the express findings in the Order. Defendants were the prevailing party in connection with the Judgment entered on June 28, 2013 against Plaintiff on each and every Count of the First Amended Complaint. [D.E. 158]. On July 15, 2013, the Court denied Defendants' Motion for Attorneys' Fees without prejudice, ruling that it would not bifurcate the issues of entitlement to and amount of fees and costs. [D.E. 161]. As set forth in the attached Declaration of Michel O. Weisz, charges incurred by Defendants in this matter is $308,363 in attorneys' fees, and $19,174 in costs. Based on the Declaration of Michael Colgan, Esq. attached hereto as Exhibit 2, Defendants hereby seek a reasonable fee award of $301,148.00 for the work performed by counsel and $17,031.29 in costs incurred.[3]

## BACKGROUND

Defendants are five uniquely situated yet related entities. Each required separate defenses while commonly benefiting from a single overarching defense strategy. Each uniquely situated Defendant required its own Answer and set of Affirmative Defenses, and each filed a summary judgment motion reflective of its unique position. For example, Lender Processing

---

[2] To the extent the relief sought herein is not granted in its entirety, Defendants expressly reserve all rights to move for an additional, but not overlapping, award of fees if Defendants prevail on appeal.

[3] Of note, the costs and fees associated with the filing of this Motion are not included in these figures.

3

Services, Inc. is a holding company that did not exist at the time that the actions that form the cornerstone of Plaintiff's First Amended Complaint ("FAC") occurred. Order [D.E. 157] at 33. Further, the FAC failed to identify any specific act allegedly performed by Fidelity National Information Services, Inc. or Fidelity National Financial, Inc. Order [D.E. 157] at 35. With respect to Lender Processing Services, Inc. and LPS Default Solutions, Inc.,[4] counsel was required to engage in heavy motions practice (designated a "flurry" in the Order Granting Defendants' Motions for Protective Order [D.E. 123] at 2) and numerous discussions with opposing counsel in attempts to narrow the scope of discovery, particularly in connection with the information requested in the notices of deposition of the 30(b)(6) witnesses. *See* Protective Order [D.E. 123] at 3 (Plaintiff's counsel "utterly failed to 'tailor' her requests to the facts of plaintiff's case. As was the case with the original notices, 'it's [still] just too much.'")

The vast majority of the work performed, however, was part of the common defense strategy that included preparation for and attendance at five depositions, three of which occurred in Minnesota. (The other depositions were those of Plaintiff and her purported expert Nye Lavalle). Though the Defendant 30(b)(6) witnesses were never deposed, counsel also prepared for the deposition of the LPS Default Solutions , Inc. witness, traveled to Jacksonville, and was in the course of preparing the witness when the deposition was cancelled just before it was scheduled to take place. Indeed, counsel for Defendants was the only attorney to attend five depositions in person, including those in Minnesota – and was in place to attend a sixth. The depositions were over 27 hours in length, exclusive of preparation and travel time. Additionally, counsel reviewed and analyzed the report of Nye Lavalle, designated as an "expert" by Plaintiff, which included over 1,000 pages of exhibits ultimately irrelevant to this matter where Plaintiff

---

[4] In fact Plaintiff never served Lender Processing Services, Inc. until counsel filed a motion to dismiss that entity for failing to timely serve process. The Court permitted Plaintiff additional time to serve this Defendant.

lacked standing to contest execution practices allegedly related to the assignments of mortgage. [D.E. 157] at 25. Counsel was in the course of preparing a motion to exclude Mr. Lavalle's as an expert witness when the Order was entered. Furthermore, counsel reviewed the records from the 2003 and 2006 foreclosure cases, Plaintiff's two bankruptcy actions, and the record of this case prior to its removal. These documents were voluminous – not surprising given that this represents at least the *eighth* attack on the foreclosure-related documents ([D.E. 157] at 20) – and not part of the record filed in this matter. Moreover, Defendants' counsel also undertook all legal research and argument development in connection with the Motions for Summary Judgment, including those shared with counsel for co-Defendants under a joint defense agreement subject to the common interest doctrine. The fees and costs incurred in defending this action where Plaintiff testified that she could not articulate any damages suffered ([D.E. 157] at 33) and which amounts to a collateral attack on the state court foreclosure judgment ([D.E. 157] at 23) are reasonable and should be awarded to Defendants.

## ARGUMENT

An award of attorneys' fees is a collateral matter over which a district court normally retains jurisdiction post-judgment. *Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 270 F. App'x 962, 965 (11th Cir. 2008); *Briggs v. Briggs*, 260 F. App'x 164, 165 (11th Cir. 2007). The federal rules provide that claims for attorneys' fees should be made by a motion within 14 days after the entry of judgment. Fed.R.Civ.P. 54(d)(2)(A). On June 28, 2013, this Court entered judgment in favor of Defendants and against Plaintiff Elizabeth Coursen on her First Amended Complaint, which included claims brought under the FDCPA, FDUTPA, and FCCPA, among others. Each statute expressly gives this Court discretion to award Defendants the costs and attorneys fees incurred in the defense of this matter as the prevailing party.

For example, under 12 U.S.C. §1692k(a)(3), a court may award a prevailing defendant attorneys' fees and costs where a plaintiff brings an action under the FDCPA in bad faith and for the purpose of harassment. *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1177, 185 L. Ed. 2d 242 (2013) (*citing* §1692k(a)(3)). Typically, a finding of bad faith is warranted where the individual knowingly or recklessly raises a frivolous argument. *Wachovia Bank v. Tien*, 406 F. App'x 378, 382 (11th Cir. 2010). As set forth in the background facts contained in the Order, Plaintiff's claims were meritless, time-barred, and had been litigated – and ruled upon disfavorably to Plaintiff – on numerous occasions. [D.E. 157] at 28-29.

> The Court agrees with Defendants that this lawsuit amounts to another attempt to re-litigate the issues Coursen has already asserted in the underlying foreclosure action. As set forth in the Case Background portion of this Order, Coursen has already challenged the judgment of foreclosure on the basis of alleged fraud and deficiencies in connection with the 2006 AOM and Affidavit on no fewer than seven occasions.

[D.E. 157] at 20. Further, as this Court found, "[t]he evidence simply does not support Coursen's conclusory claims that Defendants manufactured evidence and sham pleadings to recover to a debt that did not exist." [D.E. 157] at 29. Plaintiff did not, because she could not, point to a single act undertaken by Defendants that would violate the FDCPA. The lack of merit is underscored by Plaintiff's assertion in this proceeding that Defendants conspired to foreclose on Plaintiff's home *even though Plaintiff's loan was not in default* – a blatantly false assertion, as Plaintiff herself admitted the loan was in default. *See* [D.E. 157] at 27-28 ("Coursen admitted that she was in default under her mortgage loan and admitted she stopped making mortgage payments before the 2006 case was filed.") (citations omitted). Thus, Plaintiff's FDCPA claim, based exclusively upon allegations that Defendants "manufactured" the 2006 assignment of mortgage and affidavit, is patently frivolous and entitles Defendants to their fees and costs.

Under a similar analysis, Plaintiff's FCCPA claim supports a fee award to Defendants. The Court has discretion to hold Plaintiff liable for court costs and reasonable fees incurred by Defendants if the Court finds "that the suit fails to raise a justiciable issue of law or fact". Fla. Stat. §559.77. Clearly, Plaintiff's meritless, time-barred, previously adjudicated claims did not raise any justiciable issue of law or fact. *See* [D.E. 157] at 28-29 (applying the same reasoning to FDCPA and FCCPA claims in granting judgment in favor of Defendants).

Additionally, Defendants should be awarded prevailing party attorney's fees pursuant to Plaintiff's FDUTPA claim. A prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party. Fla. Stat. §501.2105. A Notice of Appeal was filed in this action on July 25, 2013. [D.E. 163]. Though the factors in determining FDUTPA fee awards support awarding Defendants fees and costs incurred in defense of this matter (*Humane Soc. of Broward Cnty., Inc. v. Florida Humane Soc.*, 951 So. 2d 966, 971-72 (Fla. Dist. Ct. App. 2007), Defendants reserve the right to seek such fees post-appeal for work performed in connection with the FDUTPA claim if the full relief sought herein is not granted.

## CONCLUSION

For all of the foregoing reasons, Defendants Fidelity National Information Services, Inc., Fidelity National Financial, Inc., Lender Processing Services, Inc., LPS Default Solutions, Inc. and Dory Goebel respectfully move this court for entry of an Order granting the Motion for Fees in the amount of $301,148.00 and for Costs in the amount of $17,031.29 to be awarded to Defendants as prevailing party and satisfied by Plaintiff, and for any additional relief as this Court deems proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that, pursuant to local Rule 3.01, on July 10, 2013, I conferred with opposing counsel in a good faith effort to resolve the issues that are the subject of this Motion, and we were unable to reach any agreement.

By:   /s/ Michel O. Weisz

Respectfully submitted,

BERGER SINGERMAN, LLP
Attorneys for Defendants Fidelity National Financial, Inc., Fidelity National Information Services, Inc. Lender Processing Services, Inc., LPS Default Solutions, Inc., and Dory Goebel
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Phone: (305) 755-9500
Facsimile: (305) 714-4340

By:   /s/ Michel O. Weisz
    Mitchell W. Berger
    Florida Bar No.: 311340
    mberger@bergersingerman.com
    Michel O. Weisz
    Florida Bar No. 336939
    mweisz@bergersingerman.com
    Celine A. Funk
    Florida Bar No. 96648
    sfunk@bergersingerman.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this was served via email the 29th day of July 2013 to:

Jacqulyn Mack, Esq.
The Mack Law Firm, Chartered
2022 Placida Road
Englewood, FL 34224-5304
*Counsel for plaintiff*
jacqulyn@macklawfirm.org
eservice1@macklawfirm.org
eservice2@macklawfirm.org

Ronald M. Gache, Esq.
Ileen J. Cantor, Esq.
Shapiro Fishman & Gache, LLP
2424 N Federal Highway, Suite 360
Boca Raton, FL 33431
*Counsel for Shapiro Fishman & Gache, LLP*
rgache@logs.com
icantor@logs.com

Michele A. Cavallaro, Esq.
Fidelity National Title Group
6600 N. Andrews Ave., Suite 300
Ft. Lauderdale, FL 33309
*Co-counsel for Fidelity National Financial, Inc.*
Michele.cavallaro@fnf.com

By:  /s/ Michel O. Weisz

5105655-5